UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicholas A. Ucci,<br><br>    Petitioner,<br><br>    v.<br><br>L.A. County Superior Court, et al.,<br><br>    Respondents. | Case No. 2:18-cv-09636-CAS-KES<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE AS UNEXHAUSTED |

## I.
## BACKGROUND

On October 17, 2018, Nicholas A. Ucci ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his 2014 convictions in San Diego and his 2018 convictions in Los Angeles. (Id. at 2, 5, 6.) The Petition raises the following grounds for relief: (1) actual innocence or false imprisonment, (2) double jeopardy, (3) conflict of interest or erroneous violation report, and (4) ineffective assistance of counsel. (Id. at 5-6.)

## II.
## LEGAL STANDARD

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id.

To satisfy the exhaustion requirement, a petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). In most cases, if the petitioner's direct criminal appeal is still pending in the state courts, then the petitioner has not exhausted his state remedies. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system, even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077& n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

## III.
## DISCUSSION

**A.    Background.**

  **1.    Petitioner's Convictions.**

The Petition includes grounds for relief arising from convictions in two

different courts: (a) Petitioner's 2014 convictions in San Diego County Superior Court, and (b) Petitioner's 2018 convictions in Los Angeles County Superior Court. (Dkt. 1 at 5-6.)

### a. San Diego Convictions.

Petitioner was convicted in two separate cases in San Diego County: case nos. SCD251271 and SCD257543. (Id. at 19.) On September 19, 2014, Petitioner pled guilty in both cases. (Id.) In case no. SCD251271, Petitioner pled guilty to battery with serious bodily injury in violation of California Penal Code § 243(d). (Id.) In case no. SCD257543, Petitioner pled guilty to first degree burglary in violation of California Penal Code §§ 459, 460. (Id.) In both cases, Petitioner was sentenced to 365 days in jail and three years' probation, with the sentences to run concurrently. (Id.) Petitioner served 158 days in jail. (Id. at 23.)

Petitioner includes as "Exhibit A" a statement from the burglary victim describing the incident as a misunderstanding concerning a vehicle Petitioner often used. (Id. at 14.) It is unclear if this victim is also the victim of the battery.

### b. Los Angeles Convictions.

On March 16, 2016, Petitioner's probation was transferred to Los Angeles County as case nos. BA443667 and BA443668. (Id. at 23-24.) According to an October 10, 2017 report issued by the Probation Department—which Petitioner disputes[1]—Petitioner committed the following probation violations: (1) Petitioner sustained two[2] misdemeanor convictions, defrauding an innkeeper in violation of California Penal Code § 537(a) and rearrest of a supervised person in violation of California Penal Code § 1203.2(a); (2) failure to report; and (3) failure to pay

---

[1] Petitioner claims that the reports contains "multiple errors" and that he complied with the instructions of his Supervision Officer. (Dkt. 1 at 22, 45.)

[2] The report later indicates that Petitioner sustained three convictions while on probation. (Dkt. 1 at 25.) The nature of this third conviction is unclear.

towards his financial obligations.  (Id. at 24.)

After reviewing electronic records and statements from Petitioner's Supervision Officer, the Probation Department recommended that Petitioner "be found in violation of probation in both cases; that probation remain revoked and sentence imposed."  (Id. at 25.)  Petitioner indicates that he pled nolo contendere on February 1, 2018[3] and was sentenced to four years in prison but expects to be released in August 2019.  (Id. at 36, 41.)  The day after pleading nolo contendere, Petitioner apparently contacted his attorneys and requested to withdraw his plea.  (Id. at 36.)  The attorneys "refused [his] request."  (Id.)

### 2. Petitioner's Exhaustion Efforts.

#### a. Habeas Petitions.

Petitioner indicates that he has filed three habeas petitions.  (Id. at 36.)  Petitioner filed one in the San Diego County Superior Court and two in the Los Angeles County Superior Court before Judge LaForteza[4] and Judge Hunter.

On March 26, 2018, Petitioner filed a habeas petition in Los Angeles County Superior Court before Judge LaForteza.  (Id. at 46.)  Petitioner describes this petition as raising "voicemail proving innocence" and "errors in report" as his grounds for relief.  (Id. at 45.)  On April 3, 2018, Judge LaForteza summarily denied the petition because Petitioner did not provide proof of service on the District Attorney, as required by California Penal Code § 1475.  (Id. at 46.)  The Minute Order is included as "Exhibit H."  (Id.)

On April 12, 2018, Petitioner filed a habeas petition in the San Diego County Superior Court, contesting his San Diego convictions for case nos. SCD251271 and

---

[3] The California Courts database, however, shows that judgment was entered in case no. BA443667 on January 9, 2018, and case no. BA443668 on February 1, 2018.

[4] Judge LaForteza sentenced Petitioner for the probation violation.  (Dkt. 1 at 39.)

SCD257543. (Id. at 19.) Petitioner includes the Order Denying Petition for Writ of Habeas Corpus as "Exhibit B"—although the order is not included in full. (Id. at 19-20.) In this petition, Petitioner claimed that the judge coerced his guilty plea and that he is innocent of the burglary. (Id. at 19-20.) The petition was denied because Petitioner did not submit any evidence to support his claims and the record showed that Petitioner had signed the standard plea form. (Id. at 20.) Because the order is not included in full, it is unclear if any other reasons supported the denial.

On April 15, 2018, Petitioner filed a habeas petition in the Los Angeles County Superior Court before Judge Hunter, contesting his Los Angeles convictions in case nos. BA443667 and BA443668. (Id. at 39, 41, 45.) This petition is included as "Exhibit G." (Id. at 40-45.) This petition claims that Petitioner's counsel was ineffective for failing to adequately investigate the alleged probation violation and advising Petitioner to plead guilty despite evidence of his innocence. (Id. at 42.) On May 4, 2018, Judge Hunter summarily denied the petition because Petitioner "raise[d] issues which could have been raised on appeal, but were not" and "failed to show the prejudicial effect of counsel's errors[.]" (Id.)

Petitioner does not indicate that he has filed any habeas petitions in the California Courts of Appeal or California Supreme Court raising these same claims. A search of the California Appellate Courts database does not reveal that Petitioner has any pending appellate cases other than his direct appeal from his Los Angeles convictions for probation violations based on his nolo contendere plea.[5]

      b. Direct Appeal.

Petitioner's direct appeal from his Los Angeles convictions is currently pending in the Second Appellate District, case no. B289352. (Id. at 2, 3.) The California Appellate Courts database shows that, as of January 9, 2019, the case is fully briefed, but no final disposition has been issued. Petitioner is represented by

---

[5] See http://appellatecases.courtinfo.ca.gov/.

5

Andrea Keith, bar number 244560. (Id. at 3.) Petitioner's attorney submitted a Wende[6] brief and Petitioner filed supplemental briefing.

### 3. Federal Court Proceedings.

On November 30, 2018, the Court ordered Petitioner to show cause why the Petition should not be dismissed without prejudice as unexhausted. (Dkt. 4.) The Court indicated that the Petition appears premature because Petitioner's direct appeal is pending, and Petitioner does not appear to have fairly presented his grounds for relief to the California Supreme Court. (Id. at 6.) Accordingly, the Court instructed as follows: "In response to this Order to Show Cause, Petitioner should explain when/how Petitioner believes the grounds included in his Petition were exhausted in state court." (Id. at 8.)

On January 4, 2018, the Court docketed Petitioner's response, dated December 31, 2018. (Dkt. 8.) In the response, Petitioner asserts that (1) his Los Angeles convictions violate double jeopardy (id. at 1); (2) the report issued by the Probation Department—which contributed to his Los Angeles convictions—is erroneous (id. at 2-3); (3) Judge LaForteza and Judge Hunter erred in denying his habeas petitions (id. at 3-4); (4) a conspiracy is underway to deprive Petitioner of his constitutional rights (id. at 4-5); and (5) Petitioner is innocent. (Id. at 5-6.) Petitioner does not address whether he exhausted the grounds for relief included in the Petition in state court.

### B. Analysis.

#### 1. Petitioner's Claims Are Unexhausted.

Based on a review of the Petition, a search of the California Courts database, and Petitioner's response to the Order to Show Cause, the Court concludes that Petitioner has not fairly presented his grounds for relief to the California Supreme

---

[6] A Wende brief indicates that appellate counsel has been unable to find any non-frivolous issues to argue. See People v. Wende, 25 Cal.3d 436 (1979).

6

Court. In fact, Petitioner does not claim to have filed any habeas petitions with the California Courts of Appeal, and Petitioner's direct appeal of his Los Angeles convictions is still pending. Thus, the Petition is premature, and this Court cannot presently grant relief.

    **2.    A <u>Rhines</u> Stay Is Unnecessary.**

When certain conditions are met, a district court can exercise its discretion to stay a habeas petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>Rhines v. Weber</u>, 544 U.S. 269, 273-75 (2005). AEDPA's statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's limitations period has not begun to run for his Los Angeles convictions (as his direct appeal is pending), a <u>Rhines</u> stay is not warranted.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that, the Petition (Dkt. 1) is DISMISSED WITHOUT PREJUDICE as unexhausted.

DATED: 1/10/2019

_____
CHRISTINA A. SNYDER
United States District Judge

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

Cc: Andrea Keith,
Bar number 244560
P.O. Box 4587
Thousand Oaks, CA 91359
California Appellate Project
520 S. Grand Avenue 4th Floor
Los Angeles, CA 90071